TRINA A. HIGGINS, United States Attorney (#7439)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LATROY TAYLOR,<br><br>Defendant. | **UNITED STATES' MOTION FOR DETENTION**<br><br><br><br>Case No. 2:22 cr 185 DAK |

☐ The United States is not seeking detention.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

- ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or

more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☒ A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges

that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including,

but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, or destructive device. (18 U.S.C. § 3142(g)(1)

Defendant was a known dealer in Salt Lake City. Salt Lake City PD developed Information that the defendant was dealing in a variety of narcotics including , marijuana, methamphetamine, heroin and mushrooms.
Surveillance was done on his home with large amount of traffic in and out. Defendant was observed driving his car to drug sales. Most offers and sales conducted through text messaging and social media accounts. Controlled buys were arranged to purchase heroin and marijuana on 2 occasions. UC completed 2 controlled purchases one for marijuana and one for heroin and marijuana. At the second buy defendant asked if UC was willing to prostitute herself for money and drugs.

SLCPD secured a warrant for his car and residence and uncovered 3 firearms, a large amount of marijuana, meth, cocaine, Xanax, crack, mushrooms, cash, scales packaging materials, as follows:

1. Marijuana (400 grams) (on kitchen counter) (Field Test Positive)
2. Marijuana (853.3 grams) (under kitchen sink)
3. Drug Packaging (kitchen counter)
4. Marijuana (23.4 grams) (in kitchen cabinets)
5. Marijuana wax (8.3 grams) (on kitchen counter) (Field Test Positive)
6. Marijuana (109.7 grams) (in living room on top of backpack)
7. Two digital scales
8. Marijuana (3.2 grams) (in living room)
9. Glock 19x (on couch in living room) (Serial #AFBM885)
10. Packaging (kitchen counter)
11. THC Vape (2)
12. 9mm rounds and 30 round magazine (living room)
13. 38 9mm rounds and 3 magazines (bedroom under bed)
14. 20 .40mm rounds in gun case (bedroom)
15. 88 .45 rounds in gun case (bedroom)
16. 10 12 gauge shotgun shells in gun case (bedroom)
17. Marijuana joints (75) (bedroom)
18. THC vapes (41) (bedroom)
19. Marijuana (319 grams) (bedroom)
20. Canik 9mm (bedroom) (Serial #T6472-21)
21. Mushrooms (16.1 grams) (plastic container in bedroom)
22. 17 9mm rounds with two magazines (bedroom)
23. 4 9mm rounds (bedroom)

24. M30 blue pills (39) (bedroom) (pending testing)
25. U27 blue pills (38) (bedroom) (pending testing)
26. Brown powder substance (50 grams) (bedroom) (suspected heroin pending testing)
27. Crack Cocaine (12.7 grams) (bedroom) (Field Test Positive)
28. Methamphetamine (10.8 grams) (bedroom) (Field Test Positive)
29. Heroin (13.8 grams) (bedroom) (Field Test Positive)
30. Cocaine (7.8 grams) (bedroom) (Field Test Positive)
31. MDMA (8.3 grams) (bedroom) (FTP methamphetamine)
32. Suboxone Strips (14) (bedroom)
33. Two gun magazines (bedroom)
34. Marijuana Wax (135 grams) (bedroom) (Field Test Positive)
35. THC Vape (1)
36. $3,219 U.S. Currency (bedroom closet in jacket pocket)
37. $6,060 U.S. Currency (bedroom closet in jacket pocket)
38. Stoeger Shotgun 12 gauge (bedroom closet) (Serial #1716451)
39. Alprazolam pills (360) (bedroom)

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

The weight against the defendant is strong and should be weighed heavily against the defendant. Controlled buys were conducted and recorded. A search warrant was executed at the defendant's residence and a cache a drugs, guns, currency and distribution materials were recovered, as noted above.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

The defendant has a significant criminal history and is a multistate offender. The defendant has multiple felony convictions including armed robbery and assault with a firearm. Based upon his violent past, the defendant is a danger to the community that cannot be adequately addressed by any conditions of release. The defendant has a history of using firearms in the commission of his offenses. In the present case he was arrested with a copious amount of drugs and two handguns and a shotgun

The defendant has a lengthy history of failures to appear, issued arrest warrants, failing probation and parole, and violating court orders.
The defendant has a significant drug abuse history that has not been addressed.

He has limited employment history, no treatment plan for his addictions and no verified residence.

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☒ The defendant's prior attempts to evade law enforcement.

The defendant was released from custody and fled the state. He was extradited back to Utah.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☐ The position of the victim on the detention of the defendant is that the victim would seek detention of the defendant.

☐ The victims in this matter seek a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 28th day of November 2022.

*/s/Carlos A. Esqueda*
Carlos A. Esqueda
Assistant United States Attorney